IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

THE ESTATE OF ROY C. ASHFORD,
By and Through Terell Ashford, Administrator
of the Estate of Roy C. Ashford and
TERELL ASHFORD, Individually and on
Behalf of all the Wrongful Death Beneficiaries
of Roy C. Ashford,                                              PLAINTIFFS,

VS.                                           CIVIL ACTION NO. 1:09CV262-P-D

MISSISSIPPI DEPARTMENT OF CORRECTIONS;
CHRISTOPHER EPPS, Commissioner of the
Mississippi Department of Corrections;
OKTIBBEHA COUNTY, MISSISSIPPI;
OKTIBBEHA COUNTY SHERIFF'S DEPARTMENT;
DOLPH BRYAN, Sheriff of Oktibbeha County, Mississippi;
RICK SHARP and ROBERT ELMORE,
Deputy Sheriffs of Oktibbeha County,
Mississippi; and JOHN DOES 1-25,                                DEFENDANTS.

## MEMORANDUM OPINION

This matter comes before the court on Defendants Dolph Bryan, Rick Sharp, and Robert Elmore's motion [10] to dismiss the plaintiffs' claims against them in their individual capacities under the doctrine of qualified immunity. After due consideration of the defendants' motion and the responses filed thereto, the court is prepared to rule.

### I. BACKGROUND INFORMATION

On October 17, 2006 Roy Ashford was arraigned by the Circuit Court of Oktibbeha for selling a controlled substance. On that same date, Mr. Ashford pled guilty. Thereafter, Mr. Ashford reported to the VA hospital for treatment for his drug addiction and he was prescribed medication

1

for delirium tremens, or for the DTs.

On Tuesday, October 24, 2006 the Circuit Court sentenced Mr. Ashford to 1 year, with 2 years post-release supervision, and a $100.00 fine. During this sentencing hearing, Mr. Ashford's attorney advised the Court that Mr. Ashford was on a significant amount of medication, including hydrocodone, and that he had given the medication to Oktibbeha Deputy Sheriff Robert Elmore who was in the courtroom. The Circuit Court stated, in the presence of Deputy Elmore, that the sentencing order should mention that Mr. Ashford had serious health issues. It is undisputed that the sentencing order stated that Mr. Ashford "has serious health issues which need to be addressed by the MDOC. Defendant's medication has been provided to the Oktibbeha County Sheriff's Office to be sent to MDOC." It is not alleged, however, that Deputy Elmore saw a copy of the sentencing order.

After the sentencing hearing, Deputy Elmore escorted Mr. Ashford across the street to drop him off at the Oktibbeha County Jail. Mr. Ashford was to stay at the county jail until his transfer to the Mississippi Department of Corrections, some time around November 2, 2006 – some 9 days after entering the county jail. After arriving, Deputy Elmore handed the jailers Mr. Ashford's medication. While processing Mr. Ashford into the jail, the medical form reveals that Mr. Ashford stated that he was currently taking medications, that he was under a doctor's care, that he had recently been hospitalized, and that he had health problems that the jail needed to know about.

On Wednesday, October 25, 2006 Deputy Sheriff Rick Sharp, the administrator of the Oktibbeha County Jail, received a call from Jailer Kathleen Odneal that Mr. Ashford was likely in DTs and that he needed to be moved from general population to an individual cell for monitoring. Deputy Sharp gave permission and Mr. Ashford was moved to the individual cell shortly thereafter.

On Thursday, October 26, 2006 approximately three jailer reports noted that Mr. Ashford was experiencing DTs. Two of these jailer reports were largely identical, one stating that Mr. Ashford was "not eating or taking meds (Need to see doctor")" and the other stating he was "not eating or taking meds (Need to see doctor if continue not eating and taking meds)." Also on this day, the medication log notes that Mr. Ashford was in DTs and that he was given meds but did not sign the form.

On Friday, October 27, 2006 the jailer's notes stated: "R. Ashford shaking very bad – seeing things"; "Mr. Ashford took meds but was shaking so bad he could not sign [the medical form]"; and "Roy Ashford is refusing meds and doesn't want to eat anything." The medication chart states that at 3:00 a.m. he "[t]ook meds but was unable to sign." At 11:00 a.m., Mr. Ashford refused to take meds and "did not want tray for lunch." In the 4:30 p.m. slot, the medication chart states that Mr. Ashford refused meds and "did not want tray for supper or medication."

On Saturday, October 28, 2006 Mr. Ashford was found deceased in his cell. An autopsy later revealed that the cause of death was seizure from having DTs.

Dolph Bryan, Sheriff of Oktibbeha County; Deputy Elmore, the officer who transported Mr. Ashford from Circuit Court across the street to the jail on October 24, 2006, and Deputy Sharp, the jail administrator have all moved to dismiss the plaintiffs' claims against them in their individual capacity, arguing they are protected by the doctrine of qualified immunity.

## II. DISCUSSION

### A. Qualified Immunity Standards

The court must conduct a two-step analysis to determine whether defendants Dolph Bryan, Rick Sharp, and Robert Elmore in their individual capacities are entitled to qualified immunity from suit. First, "looking at the evidence in a light most favorable to the non-moving party, the court must determine whether evidence exists that the defendants violated the plaintiff's constitutional rights [in this instance, Eighth Amendment right to reasonable medical treatment while a prisoner." *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008). If so, the court must "consider whether the defendant's actions were objectively reasonable in light of clearly established law at the time of the conduct in question." *Id*.

It is "firmly established that the Eighth Amendment imposes an obligation on prison and jail administrators to provide reasonable medical care for those who are incarcerated. To state a §1983 claim for denied medical treatment, a prisoner must allege deliberate indifference to his serious medical needs." *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981).

However, "[d]eliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino v. Texas Dept. of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

"Failed treatments, negligence, and medical malpractice are insufficient to give rise to a successful claim of deliberate indifference to serious medical needs." *Gobert*, 463 F.3d at 346. Furthermore, "[t]o prevail on a claim of deliberate indifference to medical needs, the plaintiff must establish that the defendant denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints." *Id*.

4

**B. Deputy Robert Elmore**

The plaintiffs argue that Deputy Elmore was present at Mr. Ashford's sentencing hearing and therefore heard the Court's order to take care of Mr. Ashford's medical needs. Furthermore, Deputy Elmore was given the medication in the courtroom but took no steps of insuring medical care other than giving the jailers the medication after transporting Mr. Ashford across the street.

Having considered the plaintiffs' arguments, the court concludes that Deputy Elmore is entitled to qualified immunity because (a) Deputy Elmore was not a jailer, but rather was in charge at the time of transporting Mr. Ashford across the street, which he did; (b) Deputy Elmore handed over the medication to the county jail officials; and © the plaintiffs have not shown that Deputy Elmore's behavior was objectively unreasonable.

**C. Sheriff Dolph Bryan**

The plaintiffs argue that though Sheriff Bryan had no specific knowledge of Mr. Ashford's medical condition, he had knowledge and responsibility for supervising and training his subordinates who ran the county jail and therefore was deliberately indifferent to Mr. Ashford's serious medical needs by failing to supervise and train his subordinates.

To be liable for failure to train, the plaintiffs must show that Sheriff Bryan failed to (1) adequately supervise or train his subordinates, (2) a causal connection exists between the failure to supervise or train and the violation of the plaintiff's rights; and (3) such failure to supervise or train amount to gross negligence or deliberate indifference. *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

The defendants argue that regarding the first element, the plaintiffs have no evidence that Sheriff Bryan failed to implement a medical policy because (1) Sheriff Bryan had a written medical

5

policy in place, (2) that inmates could receive after verbal request and/or by filling out a medical request form, (3) and each jailer is taught during "jailer's school" to see to it that an inmate goes to the doctor if he/she thinks the inmate needs it.

Regarding the second element, the defendants argue that there was no causal connection because (1) there was no failure to train, and (2) the records show that the jailers duly checked on Mr. Ashford, brought him his medication and food, and successfully had Mr. Ashford moved from general population to an individual cell for monitoring.

As to the third element, the defendants argue that there is no evidence of deliberate indifference because the plaintiffs have failed to show there was a pattern of violations that made it obvious to Sheriff Bryan that more training was necessary.

Having considered the parties' arguments, the court concludes that Sheriff Bryan is entitled to qualified immunity because the plaintiffs have not met their burden in showing there was a lack of an established and reasonable medical needs policy and/or that jailers were not instructed about that policy.

### **D. Deputy Rick Sharp**

The court concludes that Deputy Sharp is entitled to qualified immunity as to the plaintiffs' failure to supervise/train claim simply because Sheriff Bryan, not Deputy Sharp, was the policymaker at the Oktibbeha County Jail. See *Hampton County Nat'l Surety v. Tunica County, Mississippi*, 545 F.3d 221, 227 (5th Cir. 2008) (sheriff is the final policymaker for all matters related to law enforcement).

The court concludes, however, that the plaintiffs have met their initial burden in showing that Deputy Sharp is not entitled to qualified immunity as to the plaintiffs' primary §1983 claim for

violation of Mr. Ashford's Eighth Amendment right against deliberate indifference to serious medical needs.

Pursuant to *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999) (whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury), the court concludes as a matter of law that Deputy Sharp's conduct in not calling a doctor for Mr. Ashford was objectively unreasonable. Deputy Sharp, as the jail administrator, was in charge of the county jail during the five days that Mr. Ashford was incarcerated there, ending in his death from a DT seizure. Deputy Sharp admitted that he knew that DTs pose a serious health risk. He had early and actual notice of Mr. Ashford's problems when Jailer Kathleen Odneal asked and received permission on Wednesday, October 25, 2006 (the day after Mr. Ashford was transported there) from Deputy Sharp to move Mr. Ashford from general population to an individual cell because of the DTs. He had at least three days worth of jailer's notes thereafter and medical log entries stating that Mr. Ashford was experiencing serious DTs, documents Deputy Sharp avers that he reads every day. In fact, the jailer's notes on Thursday, October 26, 2006 state that Mr. Ashford was "not eating or taking meds (Need to see doctor)" and, suspiciously, that Mr. Ashford was "not eating or taking meds (Need to see doctor if continue not eating and taking meds)."

These facts lead the court to believe that Deputy Sharp had actual knowledge of Mr. Ashford's dire medical condition and his serious medical needs and that he was deliberately indifferent thereto by not seeking medical attention. Therefore, Deputy Sharp is not entitled to qualified immunity as to the plaintiff's §1983 claim.

## III. CONCLUSION

For the reasons discussed above, defendants Dolph Bryan, Rick Sharp, and Robert Elmore's motion [10] to dismiss the plaintiffs' claims against them in their individual capacities under the doctrine of qualified immunity should be granted as to Sheriff Dolph Bryan and Deputy Sheriff Robert Elmore but denied in part as to Deputy Sheriff Rick Sharp. Accordingly, an Order shall issue forthwith,

**THIS DAY** of February 28, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE